UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 06-20-JBC

SAUNDRA BANKS,                                                                                          PLAINTIFF,

V.                          MEMORANDUM OPINION AND ORDER

JO ANNE B. BARNHART, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                                    DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

The plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI) benefits.  On cross-motions for summary judgment (DE 7, DE 9), the court referred this action to United States Magistrate Judge James B. Todd, who issued Proposed Findings of Fact and Recommendation (DE 13), to which the plaintiff has filed objections (DE 14).

When the parties to an action submit such objections, the district court reviews the record *de novo*.  28 U.S.C. § 636(b)(1)(C).

The court, having reviewed the record in light of the plaintiff's objections and being otherwise sufficiently advised, will adopt the Magistrate Judge's Report and Recommendation and affirm the Commissioner's decision.

**I. Factual Background**

The plaintiff is a forty-three-year-old married woman with a tenth-grade education.  AR 22.  She has past relevant work ("PRW") experience as a nurse's

aide and a factory assembler.  AR 312-14.  She alleged that she has been disabled since July 25, 2001, as a result of pain in her back, legs, and shoulder; bowel, bladder, and nerve problems; obesity; and depression.  AR 89-98, 112-15.  The plaintiff's disability claim was denied initially and upon reconsideration, resulting in hearings before Administrative Law Judge ("ALJ") Ronald M. Kayser on October 23, 2003, and July 9, 2004.  The plaintiff appeared pro se in each of these hearings.  AR 22.  On October 28, 2004, ALJ Kayser ruled that the plaintiff was not disabled and was therefore not entitled to SSI payments.  AR 22-29. Specifically, the ALJ found that the plaintiff had not engaged in substantial gainful activity since her alleged onset date and that, although her impairments were severe, they did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  AR 28-29.  The ALJ then concluded that the plaintiff's allegations regarding her limitations were not totally credible, that she was able to perform her PRW, and that she was not under a disability as defined by the Social Security Act.  *Id.*  The ALJ's decision was upheld by the Appeals Council on November 18, 2005.  AR 10-13.

**II. The Plaintiff's Objections to the Report and Recommendation**

The plaintiff objects to the Magistrate Judge's Report and Recommendation principally on the ground that the ALJ improperly evaluated the medical evidence by failing to accord proper weight to the opinions of the plaintiff's treating and consultative physicians.  She also claims that the ALJ relied on medical reports that

were not a part of the administrative record in making his determination. Further, the plaintiff argues that the ALJ erred by not taking into account her favorable Workers' Compensation award and by misinterpreting the Workers' Compensation decision. She finally claims the ALJ violated her due process rights when he did not permit her to question the Vocational Expert ("VE") at the hearing concerning her depression.

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

**A. The Magistrate Judge's Alleged Failure to Find the ALJ Erred in Evaluating the Medical Evidence**

The plaintiff first claims that the ALJ failed to show the proper deference to

the opinions of her treating physicians. The Sixth Circuit has held that the opinions of a treating physician are entitled to significant deference. *See, e.g.*, *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If a medical opinion of a treating physician is not contradicted, it is entitled to complete deference. *Walker v. Sec. of Health and Human Servs.,* 980 F.2d 1066, 1070 (6th Cir. 1992). While the plaintiff has been diagnosed by her treating physicians as having thoracic strain/sprain syndrome, lumbar strain/sprain syndrome, degenerative disc disease, and muscle spasms, none of these physicians have ever suggested that the plaintiff is disabled as a result of her impairments. As the Magistrate Judge correctly noted, there is no opinion of record that the plaintiff is disabled by reason of her physical or mental conditions.

The plaintiff also claims that the ALJ failed to properly consider the opinion of Dr. Jason C. Fleming, a consultative physician who examined the plaintiff on January 26, 2003. Dr. Fleming found that the plaintiff had "physical evidence for moderate to severe restrictions in lifting and carrying, standing and walking, sitting for prolonged periods, climbing, balancing, stooping, crouching, kneeling, and crawling." AR 183. These conclusions, however, do not amount to a finding that the plaintiff is disabled or unable to perform her PRW. Even if Dr. Fleming had so found, an opinion of a consulting physician is entitled to no special degree of deference. *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). The ALJ discussed Dr. Fleming's opinion in his decision, *see* AR 26, but ultimately found it

to be outweighed by the totality of the evidence. The Magistrate Judge properly concluded that the ALJ did not err in considering the medical evidence in the record.

### B. The ALJ's Consideration of Unsubmitted Medical Reports

The plaintiff also contends that the ALJ committed reversible error when he considered medical reports that were submitted at the plaintiff's Workers' Compensation hearing but were not part of the administrative record in this case. At the hearing conducted by ALJ Kayser, the plaintiff introduced a copy of her favorable Workers' Compensation decision by ALJ Lloyd R. Edens into the record. ALJ Edens's decision references the reports of various physicians who examined the plaintiff, but none of these reports were included with the decision; the plaintiff submitted only the Worker's Compensation decision itself. In his decision, however, ALJ Kayser cited the Findings of Fact from ALJ Edens's decision which discuss these unsubmitted reports. AR 26. ALJ Kayser also stated twice that the plaintiff had not given him the medical reports from the Workers' Compensation proceeding. *Id.*

Like the Magistrate Judge, the court does not agree with the plaintiff that ALJ Kayser erred in his consideration of the Workers' Compensation decision. Contrary to the plaintiff's allegations, ALJ Kayser referred principally to ALJ Edens's decision itself; he did not rely on the medical opinions expressed by the physicians cited in the Workers' Compensation case in reaching his ultimate

decision. To the extent that ALJ Edens cited medical reports in his opinion, ALJ Kayser was entitled to discuss those reports insofar as they were described in ALJ Edens's Findings of Fact. Further, ALJ Kayser repeatedly noted that the plaintiff had not provided the medical reports mentioned in ALJ Edens's decision, suggesting that he was reluctant to place great emphasis on them. The court finds that ALJ Kayser's discussion of the medical reports considered in the plaintiff's Workers' Compensation case was not error.

### C. The ALJ's Consideration of the Plaintiff's Workers' Compensation Award

The plaintiff contends that the ALJ failed to show deference to her favorable Workers' Compensation ruling; she also claims that the ALJ deliberately misread the Workers' Compensation opinion she gave to him. As to the former claim, while the Commissioner is required to consider a favorable Workers' Compensation decision, that decision is not conclusive and the Commissioner is not bound by it. *McCann v. Califano*, 621 F.2d 829, 831 (6th Cir. 1980); *Nelms v. Gardner*, 386 F.2d 971, 973-74 (6th Cir. 1967). The record shows that ALJ Kayser did examine the Workers' Compensation decision but reached a different conclusion. This course of action was permissible, and the ALJ's decision to take it was not error. As to the latter claim, the plaintiff is correct that the ALJ erroneously reported that ALJ Edens awarded her temporary total disability benefits for a period of fifteen months, as opposed to the twelve months claimed by ALJ Kayser. AR 26, 80. This error, however, is insignificant and, particularly since ALJ Kayser did not rely

on the plaintiff's Workers' Compensation Award in rejecting the plaintiff's claim for benefits, it does not merit reversal of the ALJ's decision.

### D. The Plaintiff's Inability to Question the VE

The plaintiff argues that her due process rights were violated when ALJ Kayser denied her the opportunity to question the VE at the hearing held on July 9, 2004, and misled her into believing an additional hearing would be held. After ALJ Kayser finished questioning the VE at the July 9, 2004, hearing, he initially offered the plaintiff the opportunity to question the VE as well. AR 341. The plaintiff expressed a desire to question the VE about her depression, but the ALJ quickly cut her off and stated that her question should be delayed until he obtained records from Kentucky River Community Care regarding her treatment for depression. AR 341-42. ALJ Kayser explained that there was a seven-month gap in the plaintiff's treatment records for her depression. AR 342. He then informed the plaintiff that he would decide whether an additional hearing was necessary when he received those records. AR 342-43.

Although there is no absolute right to question a witness in social security disability cases, a social security claimant must have the opportunity to cross-examine where reasonably necessary to the full development of the record. *Flatford v. Chater*, 93 F.3d 1296, 1306-07 (6th Cir. 1996). ALJ Kayser disallowed the plaintiff's question to the VE based on the fact that the record was incomplete at the time it was asked. He then informed the plaintiff that she would have

7

another chance to question the VE if doing so would assist his decision. The record clearly shows that ALJ Kayser did not promise the plaintiff another hearing; he merely stated that one would be held if he deemed such a hearing necessary to reach a conclusion. After the plaintiff's treatment records from Kentucky River Community Care arrived, ALJ Kayser was able to render a decision and did so. Under the circumstances, the ALJ's decision to deny the plaintiff the opportunity to question the VE did not amount to reversible error.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation (DE 13) is **AFFIRMED** and is **ADOPTED** as this court's opinion with the revisions discussed above.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 7) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 9) is **GRANTED**.

Signed on November 30, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY